E. A. CLICK, JR. v. THE STATE.

No. 14591. Delivered December 23, 1931.

The opinion states the case.

*T. A. Bledsoe,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense is forgery; the punishment, confinement in the penitentiary for two years.

Briefly, the facts are that one Jim Price was in possession of a check which he attempted to cash and upon suspicion being aroused by his conduct in relation to the matter, he was arrested. He implicated the appel-

lant and testified on the trial that appellant wrote the check while he was present and by agreement between them and after it was written he attempted to cash it. To corroborate the accomplice, Price, the state introduced B. L. Ellis, a banker, who testified that in his opinion the forged check found in possession of Price was written by the same person who wrote a specimen of writing shown him, which specimen of writing had been written by the appellant at the instance of the county attorney.

Before announcing ready for trial, appellant filed a motion to quash the jury panel, which was overruled. It appears that the members of the panel had been selected by three jury commissioners appointed by the court. These jury commissioners drew such jury panel in the manner provided by law for drawing jury panels for counties not having within them any city containing a population of 20,000 or more people. The motion to quash directed the trial court's attention to the fact that the city of Abilene in the county of the prosecuion had a population of 23,175 according to the official count of the returns of the 15th Census of the United States on file in the Bureau of the Census. Appellant sought a jury drawn in accordance with the provisions of article 2094, Revised Statutes of 1925, as amended by the Acts of the 41st Legislature, which provides for the jury wheel system in counties having a population of at least 58,000 or having therein a city of at least 20,000 population as shown by the preceding Federal census. It appears from the bill that there was produced before the court in support of said motion a document as follows:

"Department of Commerce,
"Bureau of the Census, Washington, D. C.

"January 19, 1931.

"I hereby certify that according to the official count of the returns of the Fifteenth Census of the United States, on file in the Bureau of the Census, the population of the city of Abilene, County of Taylor, State of Texas, taken as of April 1, 1930, is twenty-three thousand one hundred and seventy-five (23,175).

"W. M. Steward, Director of the Census.

"Government seal of U. S. Department of Commerce, Bureau of the Census."

The effect of the census as taken of April 1, 1930, was to place the county of the prosecution under the provisions of article 2094, Revised Statutes, 1925, as amended. The motion to quash the jury panel should have been sustained.

The exact question herein involved has been decided in the case of Ervin v. State, 119 Texas Crim. Rep., 204, 44 S. W. (2d) 381, appealed from Taylor county, in an opinion delivered June 10, 1931, wherein it was held that the motion to quash the jury panel should have

been sustained and the refusal to do so was reversible error. Motion for rehearing in said case was overruled in an opinion delivered December 16, 1931. The question was fully discussed both in the original opinion by Judge Christian and in the opinion by Presiding Judge Morrow on motion for rehearing and further discussion is unnecessary.

By bills of exception Nos. 2 and 3, appellant presents to this court the question of whether or not the testimony of the county attorney as to the writing of a specimen check by the appellant in his office, and the testimony of the banker Ellis as to his opinion that such specimen check so written and the alleged forged checks were made by the same person, was inadmissible against the objection that such testimony relating to such checks was requiring the appellant to give evidence against himself. The objection to such testimony is very lengthy but is to the effect that the evidence showed that the appellant was required by the county attorney to write such specimen check after he had informed the county attorney that he did not want to make any statement about the alleged forged check. The bills further show that at the time appellant wrote the check, he was under arrest in the county attorney's office; he was not warned before writing the specimen check and was not told that such check could or would be used against him; and that under the circumstances in evidence the county attorney requiring the appellant to make out said check for the purpose of preserving it as evidence showing, if possible, the similarity of the writing thereon and that of the forged check was error.

The bills further show that the court permitted the county attorney to testify and he did testify in the presence and hearing of the jury trying this cause, over appellant's objections, that the appellant had so written said duplicate check in the witness' office at his request. The bills further show that the witness, B. L. Ellis, over the objection of the appellant, was permitted to testify concerning a comparison he had made of said two checks, the alleged forged check and the check the appellant had made at the request of the county attorney, and that in the opinion of said witness the two checks were written by the same party.

The case of Kennison v. State, 97 Texas Crim Rep., 154, 260 S. W., 174, is in accord with this case as to the facts. It appears from the opinion in that case that after the appellant was arrested and while confined in jail upon the charge of passing a forged instrument, the county attorney caused him to be brought to the county attorney's office and there had him write the words "February," "Texarkana," "J. E. Richardson", and also to write his own name and do some other writing under the direction of said officer. He was not warned and upon the trial the county attorney produced the slip of paper on which appellant had written as requested by the officers and testified to the foregoing facts and identified the writing as appellant's. Objection was made to proof of anything appellant said or did either in words or writing because he was

under arrest, was not warned, and anything he said or did under such circumstances was not admissible against him. The only difference in the facts between that case and the present case was that over the objection of the appellant the state was permitted to introduce in evidence the slip of paper with the writing thereon as his basis of comparison to the disputed writing in the check alleged to be a forgery; while in this case, while the alleged duplicate check was not actually introduced in evidence, the witness Ellis was permitted to testify, in order to corroborate the accomplice, Price, that in his opinion the forged check found in the possesion of Price was written by the same person who wrote a specimen of writing shown him by the county attorney and which was testified to by the county attorney as having been written by the appellant.

The reasoning of Judge Hawkins in the case of Kennison v. State, supra, as to why evidence of this kind was not proper to be introduced is so aptly put that we quote from his opinion in part as follows: "Appellant was brought to the county attorney's office at the latter's direction. His presence there was not voluntary, and not of his choosing. He was not warned. Suppose when required to write, he had said 'there is no necessity to do so, I forged the check'. Who would then contend that the verbal statement would be provable? Or, if when requested to write, he had refused to do so, and had remained silent; his refusal or silence could not be used as a circumstance against him. But because he does write as directed by the prosecuting officer, though unwarned, and in the absence of the other formalities required by the statute, can it be said that the State may take the writings thus secured and use them as standards of comparison to prove, or aid in proving, the very offense with which appellant stands charged? * * * In the instant case the writing is secured not from an impulse moving from accused, but from the representatives of the State; they inaugurated the proceedings and directed him to write. What motive prompted them to have him brought from jail and without the formalities required by law secure the writing? Surely it was not the interest of appellant that induced them to so proceed, for the writing thus secured was used to his grave injury at the trial."

After discussing at length the authorities upon this point, he holds that such procedure is contrary to the spirit, purpose, and intent of the law and requires a reversal of the case.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.