JOHN INGRAM v. THE STATE.

No. 14995. Delivered March 9, 1932.

The opinion states the case.

*J. F. Cunningham,* of Abilene, *C. R. Carpenter,* of Tahoka, and *Oliver Cunningham,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, Judge.—The offense, arson; the punishment, two years confinement in the penitentiary.

Before announcing ready for trial, appellant filed a motion to quash the jury panel, which was overruled. It appears that the members of the panel had been selected by three jury commissioners appointed by the court. These jury commissioners drew such jury panel in the manner provided by law for drawing jury panels in those counties not having within them any city containing a population of twenty thousand (20,000) or more people. It appears from the bill that there was produced before the court in support of said motion a document as follows:

"Department of Commerce, Bureau of the Census,
"Washington

"January 19, 1931.

"I hereby certify, that according to the official count of the returns of the Fifteenth Census of the United States, on file in the Bureau of the Census, the population of the City of Abilene, County of Taylor, State of Texas, taken as of April 1, 1930, is twenty-three thousand, one hundred and seventy-five (23,175).

"W. M. Stewart,
"(Seal)                     "Director of the Census."

Appellant sought a jury drawn in accordance with the provisions of article 2094, Revised Statutes of 1925, as amended by the Acts of 41st Legislature, 1929, chap. 43, sec. 1 (Vernon's Ann. Civ. Stats., art. 2094), which provides for the jury wheel system in counties having a population of at least 58,000 or having therein a city of at least 20,000 population as shown by the preceding federal census. The effect of the census as taken of April 1, 1930, was to place the county of the prosecution under the provisions of article 2094, Revised Statutes, 1925, as amended. The motion to quash the jury panel should have been sustained. The exact question here involved has been decided in the case of Claude Ervin, 119 Texas Crim. Rep., 204, 44 S. W. (2d) 380, wherein it was held that the motion to quash the jury panel should have been sustained. The

question was fully discussed in the original opinion by Judge Christian and in the opinion by Presiding Judge Morrow on motion for rehearing, and further discussion is unnecessary. See, also, Click v. State, 119 Texas Crim. Rep., 118, 44 S. W. (2d) 992.

By bill of exception No. 2, it is shown that appellant objected to the state being allowed to introduce in evidence part of the purported written confession of the appellant which was admitted in evidence by the court before the jury. It seems that the next day after the fire, the fire marshal of the town of Abilene went to the place of business of appellant and asked the appellant to come down to the county attorney's office, that he wanted to ask him some questions concerning the fire wherein the house of his wife was burned. It appears that after the appellant had gone to the office of the county attorney that he was interrogated as to what he knew about the burning of his wife's house. It appears further from the evidence offered that the statements admitted were reduced to writing, read over to appellant and signed by him. The confession on its face appears to have been taken in strict compliance with the provisions of article 727, C. C. P., and it does not appear from the evidence offered in regard to the taking of the confession that it was to be excluded under article 727a, C. C. P., as amended by Acts 1929, Second Called Session, chap. 45, sec. 1. (Vernon's Ann. C. C. P., art. 727a). Appellant was not forced to make the confession; he could have remained silent. See Carter v. State, 113 Texas Crim. Rep., 433, 22 S. W. (2d) 659; Pena v. State, 111 Texas Crim. Rep., 218, 12 S. W. (2d) 1015.

Appellant complains further that the state was permitted to introduce only part of said written confession and was not required to introduce the whole of it, contending that certain portions of said statement might have been construed as exculpatory and these exculpatory portions were not offered in evidence by the state but only that part of the statement which was tending to be inculpatory was offered by the state. The bill of exception complaining of this matter further shows that when the state had offered part of said confession that the court stated to defendant's counsel in the presence of the jury that the court would permit counsel for the defendant to introduce in evidence before the jury all the rest or any portion thereof he might desire of the defendant's confession not introduced by the state, but the defendant declined to read any of the confession to the jury at all. With this showing in the bill, no error is shown. The state is not required to offer all of the confession but may offer such part as it deems proper, with the right reserved to the appellant to offer the balance of the statement or any part thereof that is explanatory of or connected with the part offered by the state. No error is manifested by the bill. See Keith v. State, 103 Texas Crim. Rep., 636, 282 S. W., 251.

Because of the failure of the trial court to sustain the motion of

appellant to quash the venire, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.