**Billy HILL, Appellant,**

**v.**

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 25905.**

United States Court of Appeals
Fifth Circuit.

June 10, 1969.

Max P. Flusche, Jr., Austin, Tex., for appellant.

Robert Darden, Howard Fender, Asst. Attys. Gen., Austin, Tex., for appellee.

Before ALDRICH,* GODBOLD and DYER, Circuit Judges.

PER CURIAM:

This is an appeal from denial of a writ of habeas corpus following conviction and appeal in the Texas state courts.

Petitioner raised but one issue. In a pre-trial hearing on the voluntariness of his confession, held outside the presence of the jury, with petitioner represented by counsel, the prosecutor was permitted to cross-examine as to the truth or falsity of the confession. Petitioner acknowledged that the confession was correct. In arguing admissibility the prosecutor urged that truth of the confession was a consideration to be taken into account.

In his habeas petition appellant urged that the inquiry into the truth of the confession was impermissible. His petition for habeas was denied after hearing.[1]

■ The appellant was entitled to have the admissibility of his confession determined under a legal standard which did not take into account its probable truth of falsity. Rogers v. Richmond, 365 U.S. 534, 543, 81 S.Ct. 735, 5 L.Ed. 2d 760, 768 (1961); Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

Lopez v. State, 366 S.W.2d 587 (Tex. Crim.App.1963), vacated 378 U.S. 567, 84 S.Ct. 1924, 12 L.Ed.2d 1038 (1964), on remand, 384 S.W.2d 345 (Tex.Cr. App.1964) is the landmark Texas case on this matter. The first decision of the Texas Court of Criminal Appeals was vacated by the Supreme Court of the United States in a memorandum decision referring to Jackson v. Denno. On remand the Court of Criminal Appeals established a procedure for the Texas courts, prospective in operation, that "the trial judge * * * shall grant a fair hearing before the court on the issue of voluntariness, and from all of the evidence and without regard to the truth or falsity of the confession shall make a clear cut determination of the voluntariness of the confession." 384 S.W.2d at 348.

■ On appellant's direct appeal the Court of Criminal Appeals held that the objection[2] made by defense counsel was too general and insufficient to present anything for review. The question of

---

* Of the First Circuit, sitting by designation.

1. The habeas judge announced from the bench that he would enter findings of fact and conclusions of law (as required by Fed.R.Civ.P. 52) only if they were prepared by counsel for the appellee and submitted to him. Presumably they were so prepared, since findings were signed and entered. The findings deal with many things. But they touch not at all the one issue precisely raised by appellant's petition and presented to us on this appeal.

2. This is the confession that you made?
 A It is.
 Q And it is correct?
  MR. SMITH: We object to that. I think it is not proper inquiry under the Lopez case.
  THE COURT: I will overrule the objection.
  MR. SMITH: Note our exception.

when and how defaults in state procedural rules preclude federal consideration of a federal question is itself a federal question, and the objection was sufficient to point to the existence of the federal constitutional rights evidenced by the above Supreme Court cases and re-articulated for Texas by *Lopez*. Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965); Black v. Beto, 382 F.2d 758 (5th Cir.1967); Burns v. Beto, 371 F.2d 598 (5th Cir. 1968).

The case is remanded to district court with directions that the case be dismissed without prejudice to appellant to apply for relief in the courts of the State of Texas, which can conduct a hearing at this time on the issue of voluntariness without inquiry into the truth or falsity of the confession.[3] Texas v. Payton, 390 F.2d 261 (5th Cir. 1968). See also, Elkins v. Kelley, 410 F.2d 734 (5th Cir.1969); Lydy v. Beto, 399 F.2d 59 (5th Cir.1968).

3. *Lopez*, decided on December 16, 1964, established the Texas procedure for determining voluntariness at trials held after that date. Appellant's trial began September 13, 1965.