**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Earnest KRECZMER,
Defendant-Appellant.**

No. 80–5256.

United States Court of Appeals,
Fifth Circuit.
Unit B

Feb. 5, 1981.

Joseph Morrell, Jacksonville, Fla., for defendant-appellant.

Ernst D. Mueller, Asst. U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before HILL, KRAVITCH and HATCHETT, Circuit Judges.

KRAVITCH, Circuit Judge.

Appellant was convicted by a jury of armed robbery of a bank in violation of 18 U.S.C. § 2113(d).[1] On appeal he raises a single issue: whether his confession was voluntary because he allegedly was under the influence of alcohol and other drugs. Concluding that the confession was voluntary, we affirm the conviction.

In April, 1979, a lone gunman robbed a federal savings and loan association in Jacksonville Beach, Florida. The robber left a brown paper bag at the scene of the robbery. The FBI laboratory subsequently identified fingerprints taken from the bag as belonging to appellant James Kreczmer. Appellant, who was not in federal custody, was indicted for the robbery on September 10, 1979.

On the afternoon of September 15, 1979, appellant was arrested by local authorities in Morgan City, Louisiana, for public intoxication, public indecency, and disturbing the peace. Because appellant had been indicted for a federal offense, local police detained him in the city jail until federal authorities could take him into custody. On the morning of September 17, an FBI agent interviewed appellant in the Morgan City Jail.

Appellant read and signed a form waiving *Miranda* rights and proceeded to give a detailed narrative of the Florida robbery and his subsequent activities.

Prior to trial, appellant moved to suppress this confession. At the suppression hearing, appellant testified that he was under the combined influence of marijuana, cocaine, THC and alcohol at the time of arrest, and this condition continued through the time he was questioned. He testified that he could not recall making a confession to anyone. He did recall that someone had given him "something to sign," but he could not remember whether he was told what that "something" was, or whether he read it.

One Rodney Bowen, appellant's cell-mate in the Morgan City Jail September 15–17, testified that appellant was incoherent and "spaced out" throughout his stay in the Morgan City Jail, including the morning of September 17.

Two witnesses, the FBI agent who interrogated appellant and the Assistant Chief of the Morgan City Police Department, who was present during the interrogation, testified that appellant showed no signs of intoxication at the time of the questioning.

---

1. 18 U.S.C. § 2113 provides in pertinent part:

    **§ 2113. Bank robbery and incidental crimes**

    (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

    Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

    Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

    (b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; or

    Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined not more than $1,000 or imprisoned not more than one year, or both.

    · · · · ·

    (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

Based upon the testimony of the government agents, the fact that the confession was made some thirty-six hours after appellant's arrest, and the clarity and coherence of the statement itself, the magistrate concluded that the confession was voluntarily made, and "was not in any way based upon any interference with Defendant's free and rational intellect by drugs." The district court adopted the magistrate's recommendation and the confession was used against appellant at trial.

On appeal, appellant raises a single issue: whether, because of his alleged intoxication, the confession was voluntary. To be voluntary, a confession must be the product of a rational intellect and free will. *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). A confession is involuntary if the defendant is so intoxicated by alcohol or other drugs that the confession is not rationally and freely given. *See United States v. Taylor*, 508 F.2d 761 (5th Cir. 1975).

In this case the magistrate found that appellant was not under the influence of drugs at the time of his confession and that his intellect was not impaired. This finding was based largely upon credibility determinations of the testimony of each witness at the suppression hearing. Such credibility choices are clearly within the province of the finder of fact. *United States v. Watson*, 591 F.2d 1058 (5th Cir. 1979). Moreover, findings of fact by the district court on a motion to suppress should not be disturbed on appeal unless clearly erroneous. *Jurek v. Estelle*, 623 F.2d 929 (5th Cir. 1980) (en banc); *United States v. Llinas*, 603 F.2d 506 (5th Cir. 1979). The ultimate issue of voluntariness, however, is an issue of law, and the appellate court must make an independent determination. *Davis v. North Carolina*, 384 U.S. 737, 86 S.Ct. 1344, 16 L.Ed.2d 360 (1966); *Jurek v. Estelle, supra*. We conclude that the evidence amply supports the district court's finding that appellant was not under the influence of drugs at the time of the confession and that the confession was voluntary.

In the usual case, this conclusion would end our inquiry. Here, however, this court took notice *sua sponte* that the district court may have employed a constitutionally impermissible standard in evaluating the voluntariness of the confession. In *Rogers v. Richmond*, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961), the Supreme Court held that it is impermissible to consider the truth or falsity of a confession in ruling on its voluntariness. This decision has been adhered to consistently and implemented both in decisions of the Supreme Court and of this court. *Lego v. Twomey*, 404 U.S. 477, 484 n.12, 92 S.Ct. 619, 624 n.12, 30 L.Ed.2d 618 (1972); *Johnson v. New Jersey*, 384 U.S. 719, 729 n.9, 86 S.Ct. 1772, 1778 n.9, 16 L.Ed.2d 882 (1966); *Jackson v. Denno*, 378 U.S. 368, 383–386, 84 S.Ct. 1774, 1784, 12 L.Ed.2d 908 (1964); *Hill v. Beto*, 412 F.2d 831, 832 (5th Cir. 1969). In his Report and Recommendation, the magistrate stated: "His [Kreczmer's] detailed statement is identical to what allegedly happened." Because of this statement, we requested supplemental briefs on whether the district court violated the dictates of *Rogers v. Richmond*.

Our review of the record convinces us that the district court did not employ an impermissible standard in finding the confession voluntary. The magistrate's finding that appellant's "detailed statement is identical to what allegedly happened" is immediately followed by the sentence: "While not passing on its truthfulness, its exactness shows clear, rational, and coherent mental processes at the time." In the entire report, the magistrate mentioned the truthfulness of the confession only in the single statement quoted above. Indeed, the magistrate specifically explained that he was not "passing" on the issue of truthfulness.

The magistrate did recite some of the details of the confession. From context, however, it is apparent that the magistrate did not evaluate the truthfulness of the details; rather, he emphasized the fact that appellant was capable of speaking in a narrative manner and that the narrative itself was coherent. When confronted with a claim that because of intoxication the con-

fessor is incapable of thinking rationally or exercising free will, the trial court necessarily must inquire into the defendant's state of mind at the time of the confession. In making this determination the court may consider, among other factors, the clarity and coherence, but not the truthfulness, of the confession. Here, read in its entirety, the magistrate's report makes clear that the truthfulness of the confession was not a factor in his finding of voluntariness. Thus, we conclude that the district court did not violate the dictates of *Rogers v. Richmond.*

For the foregoing reasons, we conclude that appellant's confession was voluntary. Accordingly, the conviction is AFFIRMED.