**John Stephen GILREATH, Appellant,**

v.

**James P. MITCHELL, Superintendent Virginia State Penitentiary, Appellee.**

No. 82–6632.

United States Court of Appeals, Fourth Circuit.

Argued March 9, 1983.

Decided April 7, 1983.

Kevin P. Donovan, McLean, Va. (Gilbert K. Davis, McLean, Va., on brief), for appellant.

Robert H. Anderson, III, Asst. Atty. Gen., Richmond, Va. (Gerald L. Baliles, Atty. Gen. of Virginia, Richmond, Va., on brief), for appellee.

Before MURNAGHAN and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

PER CURIAM:

This is an appeal from the district court's denial of appellant's petition for a writ of habeas corpus. See District Court Opinion *Gilreath v. Robinson,* 544 F.Supp. 569 (E.D. Va.1982).[1] Following a jury trial in the Virginia State Court, appellant was convicted of the murder of a 14 year old female student at Madeira School. He asserts that his confession should not have been admitted by the trial judge because the judge did not assess the totality of the circumstances surrounding the giving of the confession, particularly his mental state and his psychological condition. Appellant also claims that the trial judge gave improper consideration to the truth or reliability of the confession in deciding to admit it, and that appellant had not effectively waived his *Miranda* rights.

The opinion of the district court adequately answers all of Gilreath's present exceptions; however, the district court did not discuss *Rogers v. Richmond,* 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961),

---

1. Apparently the superintendent of the Virginia State Penitentiary changed from James P. Mitchell to A.T. Robinson after this suit was filed and before the district court opinion was published.

which was stressed in oral argument by appellant's counsel.

*Rogers* prohibits a trial judge from relying upon the truthfulness of a confession when deciding whether it should be admitted as a voluntary statement of an accused. A careful reading of the ten pages of the trial transcript in which the judge discussed his findings and his reasons for admitting the confession clearly shows that a belief in the truthfulness of the confession was not a reason for admission. In mentioning that the confession contained facts known only to the accused, the trial judge was not passing upon the credibility of the statement, but was answering the appellant's claim that at the time of the confession he was in a psychotic state or a condition of complete helplessness where he could do no more than "to parrot back a story that was implanted in his mind by someone else of fantasy." This is not the reliance upon truth of a confession that is condemned by Justice Frankfurter in *Rogers,* but is a proper inquiry and finding by the trial judge in deciding if a statement is voluntary or is the result of improper interrogation which puts words into the mouth of the accused and overrides his free will. See also *United States v. Kreczmer,* 636 F.2d 108, 110–11 (5th Cir.1981).

AFFIRMED.