UNITED STATES of America,
Plaintiff-Appellee,

v.

Jose Artemio CANTU–SALINAS,
Defendant-Appellant.

No. 86–2214
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 15, 1986.

---

motion to revoke an order detaining him without bail. Our review of such actions by the district court is limited, and we have stated that its order must be sustained "if it is supported by the proceedings" in that court. *United States v. Westbrook*, 780 F.2d 1185, 1189 (1986), *citing* and *quoting* from *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir.1985).[1] The judge concluded that Cantu presented a substantial risk of flight and that no set of conditions would reasonably assure his appearance at trial. We agree.

■ Cantu, a resident alien, is a Mexican citizen who visits Mexico several times a year and has a sister residing there. He is divorced, unemployed, and owns no property in this country. The charges against Cantu—charges which the government has produced credible evidence upholding—are serious ones indeed, exposing him upon conviction to maximum punishments of forty years in prison and a half-million dollar fine. In such circumstances we cannot say that the court abused its discretion in denying Cantu bail.

AFFIRMED.

Francisco G. Medina, and Mario Davila, Jr., Houston, Tex., for defendant-appellant.

James R. Gough, Susan L. Yarbrough and Cedric L. Joubert, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

Before GEE, RANDALL and DAVIS, Circuit Judges.

GEE, Circuit Judge.

■ Cantu, charged with cocaine distribution and an associated conspiracy, appeals from denial by the trial judge of his

---

**1.** As an appellate court, we possess no greater competence to review factual findings from this cold record than from one assembled at a trial on the merits. That being the case, the "clearly erroneous" standard seems a proper gauge of record support for such findings. See e.g. United States v. Kreczmer, 636 F.2d 108, 110 (5th Cir. 1981)