# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 9, 2012

Lyle W. Cayce
Clerk

No. 11-50721
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BERNARDO LACOUR,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:10-CR-840-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Convicted of wire fraud in South Carolina in 2007 and sentenced to three-years' probation, Bernardo Lacour's supervised release was transferred to the Western District of Texas in 2010. Shortly thereafter, he was arrested for violating conditions of his probation by committing another wire-fraud offense and was subsequently indicted for that offense in cause number 5:10-CR-1067. Lacour filed a motion for bond pending his revocation hearing as well as a motion to sever his revocation hearing from his jury trial in cause number 5:10-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

CR-1067. The district court denied both motions, with the motion to sever being denied as moot.

Federal Rule of Criminal Procedure 32.1 governs the revocation or modification of probation or supervised release, and it states that a magistrate judge may detain or release a person under 18 U.S.C. § 3143(a) pending further proceedings. Fed. R. Crim. P. 32.1(a)(6). Section 3143(a) provides that a defendant who has been convicted "shall" be detained pending sentencing "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released". Appellate review is limited, and the detention order will be sustained absent clear error. *See United States v. Cantu-Salinas*, 789 F.2d 1145, 1146 & n.1 (5th Cir. 1986).

The bond denial was appealed to the district court. It found Lacour was a danger to the community because he continued to commit wire fraud while on probation. It also found he was a flight risk due to the potentially lengthy prison sentence, his insubstantial ties to San Antonio, and his numerous business and personal contacts in other States and abroad. The evidence submitted at the detention hearing supports the bond denial.

Regarding the motion to sever being denied as moot, Lacour was effectively given the relief he sought when the district court stated the revocation matter would not be presented to the jury in cause number 5:10-CR-1067.

AFFIRMED.