**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 26, 2012

No. 11-31089
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THOMAS O. BLAKE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:09-CR-34-1

Before STEWART, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Thomas O. Blake entered a conditional plea to one count of being a felon in possession of a firearm. Blake's plea was conditioned on the right to appeal the district court's denial of his motion to suppress inculpatory statements that the gave to law enforcement. He contends that his statements were not made knowingly and voluntarily because he was mentally incompetent and under the influence of drugs at the time of the statements.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the voluntariness of a confession de novo and the factual findings underlying a voluntariness determination for clear error. *United States v. Bell*, 367 F.3d 452, 460-61 (5th Cir. 2004). In determining whether a defendant has validly waived his *Miranda*[1] rights, we must look at the totality of the circumstances. *United States v. Foy*, 28 F.3d 464, 474 (5th Cir. 1994). If, under the totality of the circumstances, the statement results from a free and rational choice, then the statement is voluntary. *Bell*, 367 F.3d at 461.

Coercive police conduct is a necessary prerequisite to the conclusion that a confession was involuntary, and the defendant must establish a causal link between the coercive conduct and the confession. *Colorado v. Connelly*, 479 U.S. 157, 163-67 (1986). A confession may be involuntary if the defendant is so intoxicated by alcohol or other drugs that the confession is not rationally and freely given. *United States v. Kreczmer*, 636 F.2d 108, 110 (5th Cir. 1981). While a defendant's mental condition "may be a significant factor in the voluntariness calculus, this fact does not justify a conclusion that a defendant's mental condition, by itself and apart from its relation to official coercion, should ever dispose of the inquiry into constitutional voluntariness." *Connelly*, 479 U.S. at 164. Thus, in the absence of evidence of official coercion, a defendant will have not established that his confession was involuntary. *United States v. Raymer*, 876 F.2d 383, 386 (5th Cir. 1989).

Blake has failed to establish that his alleged mental impairment and drug use negated his capacity to waive his *Miranda* rights and to confess willingly to the offense of conviction. Specifically, there is nothing in the record to suggest that law enforcement officials employed coercive tactics that caused Blake to surrender his rights involuntarily; the record is devoid of evidence of "official overreaching, in the form of either direct coercion or subtle psychological persuasion," and there is no indication that Blake's statements were procured

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

No. 11-31089

with promises or other inducements. *See United States v. Restrepo*, 994 F.2d 173, 183 (5th Cir. 1993). The uncontroverted record instead establishes that Blake was advised of his *Miranda* rights before questioning, that he voluntarily executed a document wherein he willingly waived his rights and averred that he had not been threatened, and that he agreed to speak with the officers, provided that the statement was not recorded.

While Blake alleges that he was questioned under coercive conditions and was handcuffed and physically assaulted prior to being interviewed, the record does not support his assertions. There is no indication that the conditions of the interview were confrontation or adversarial or that Blake was punished during the nearly two-hour interview. *Cf. Connelly*, 479 U.S. at 164-65 n.1 (citing, inter alia, food or sleep deprivation and interrogations of several hours or days as examples of police overreaching). Further, the district court specifically did not credit Blake's testimony that he was handcuffed and physically assaulted, and we will not second guess the district court's factual findings as to the credibility of witnesses. *United States v. Garza*, 118 F.3d 278, 283 (5th Cir. 1997).

Moreover, there is no indication that Blake's waiver of his *Miranda* rights was rendered involuntary because his alleged mental condition or drug use was exploited or otherwise precluded him from understanding the consequences of waiving his rights. *See Moran v. Burbine*, 475 U.S. 412, 421 (1986) (noting that waiver must be made voluntarily and with full awareness of the rights being abandoned and the consequences of abandonment). Other than Blake's own contentions that he was mentally incompetent or under the influence of drugs while being interviewed, there is no indication that Blake was mentally impaired or intoxicated at the time of his questioning. The record specifically contains no evidence of Blake's mental state or degree of intoxication on the day that he was interviewed and, therefore, there is no indication that Blake was unable to waive his rights competently or voluntarily.

No. 11-31089

The record also does not show that the officers who interviewed Blake believed that he suffered from a mental condition or was under the influence of drugs.  The officers who were present at Blake's interview stated that there was no indication that he did not understand his rights or the implications of waiving them and that he gave coherent responses to the questions asked.  *See United States v. Reynolds*, 367 F. 3d 294, 299 (5th Cir. 2004) (concluding that district court did not err in denying motion to suppress where, inter alia, defendant was cooperative, listened to questions, and responded logically and appropriately).  The officers specifically stated that Blake did not seem to be intoxicated or in an altered mental state that prevented him from waiving his rights.  *See United States v. Solis*, 299 F.3d 420, 438-39 (5th Cir. 2002) (affirming district court's findings that confession was voluntary where, inter alia, officer testified that there was no indication that defendant was under the influence of controlled substances and was responsive to questioned asked).  While Blake told officers during his interview that he was addicted to drugs, he did not inform the officers that he was under the influence of controlled substances at that time, and there was no evidence suggesting that he possessed or used drugs before the interview.  Because the officers had no reason to suspect that Blake could not competently waive his rights, there is no evidence that the officers exploited Blake's alleged condition.

Blake has not demonstrated that the totality of the circumstances suggest that his confession was coerced or that his statement was not given knowingly and willingly.  *See Foy*, 28 F.3d at 474; *Connelly*, 479 U.S. at 163-67.  Thus, he has not shown that the district court erred in denying his motion to suppress.

AFFIRMED.