# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50874
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHNNY ANGEL ARMENDARIZ, also known as Johnny Armendariz,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:15-CR-106-3

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Johnny Angel Armendariz appeals from the sentence imposed for his conviction for conspiracy to possess with intent to distribute 100 grams or more of heroin. The district court sentenced him within his guidelines range to 87 months of imprisonment and five years of supervised release.

In his first argument, Armendariz contends that the district court clearly erred in determining the amount of heroin attributable to him for purposes of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50874

U.S.S.G. § 2D1.1(c).  He argues that the district court's finding was based on an extrapolation drawn solely from a statement he made while under the influence of heroin and was not supported by any independent investigation by law enforcement agents.

We review the district court's finding of the drug quantity attributable to a defendant for clear error and will affirm the finding as long as it is "plausible in light of the record as a whole." *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (internal quotation marks and citations omitted). A district court may determine drug amounts for sentencing purposes provided the finding is based on reliable evidence, such as the presentence report ("PSR").  *United States v. Alford*, 142 F.3d 825, 832 (5th Cir. 1998).  "When faced with facts contained in the PSR that are supported by an adequate evidentiary basis with sufficient indicia of reliability, a defendant must offer rebuttal evidence demonstrating that those facts are materially untrue, inaccurate or unreliable." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (internal quotation marks and citation omitted).  In arriving at a drug quantity, the court may also rely upon information provided by witnesses, including uncorroborated hearsay, if the information bears the minimum indicia of reliability.  *United States v. Gaytan*, 74 F.3d 545, 558 (5th Cir. 1996).

The district court's finding of the appropriate drug quantity is supported by Armendariz's own admission that he obtained at least five ounces of heroin per month for a year or more from a source and the testimony of the law enforcement agent who interviewed Armendariz when he made that statement.  The agent testified that Armendariz was coherent and did not appear to be under the influence of heroin or any other substance.

Armendariz did not present any evidence rebutting the agent's testimony, and the district court found the agent to be a credible witness.

2

"Credibility determinations in sentencing hearings are peculiarly within the province of the trier-of-fact." *United States v. Sotelo*, 97 F.3d 782, 799 (5th Cir. 1996) (internal quotation marks and citation omitted).

Moreover, Armendariz's claim that he was under the influence of heroin at the time of his statement does not automatically make his statement unreliable. *See United States v. Reynolds*, 367 F.3d 294, 299 (5th Cir. 2004) (finding that a confession was voluntary despite the defendant's claim that he had taken methamphetamine an hour before he was arrested); *United States v. Blake*, 481 F. App'x 961, 962–63 (5th Cir. 2012) (unpublished) (finding that a confession was voluntary despite the defendant's claim that he was intoxicated at the time of his questioning). Instead, the relevant question is whether Armendariz's statement bore the minimum indicia of reliability. Here, the agent who interviewed Armendariz stated that he could not tell whether Armendariz was under the influence of heroin at the time of the interview but that he believed Armendariz was "capable of communicating" and was "coherent." The district court found the agent credible and found that the agent's testimony corroborated the drug quantity calculation in the PSR.

Accordingly, based on the record as a whole, the district court did not clearly err in finding that Armendariz was responsible for 1.7 kilograms of heroin. *See Betancourt*, 422 F.3d at 246.

Armendariz also contends that his sentence is substantively unreasonable based on his arguments in the district court for a downward variance. Specifically, he asserts that he had a lifetime addiction to more than five major drugs, managed to stay gainfully employed despite his drug addictions, and was a loving husband and father. According to Armendariz, his sentence also is substantively unreasonable because the district court committed a clear error in judgment by failing to rule on whether his admission

about the quantity of heroin he regularly received was unreliable due to his heroin use the morning of the day he made that admission.

Because Armendariz did not object in the district court to the substantive reasonableness of his sentence, plain error review applies to this issue. *See United States v. Heard*, 709 F.3d 413, 425 (5th Cir. 2013). The district court implicitly ruled that Armendariz's admission was reliable despite his heroin use when the district court found that the agent's testimony was credible. The district court had before it Armendariz's arguments for a lesser sentence but decided that a sentence at the bottom of his guidelines range was appropriate.

"[T]he sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Armendariz has not rebutted the presumption of reasonableness applicable to his sentence, much less demonstrated plain error. *See United States v. Washington*, 480 F.3d 309, 314 (5th Cir. 2007).

The judgment of the district court is AFFIRMED.