# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60084
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

March 8, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DILMAR PIVARAL-DELEON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:17-CR-1-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Dilmar Pivaral-DeLeon pleaded guilty on January 18, 2017, to illegal reentry after having previously been convicted of a felony. A sentencing hearing is currently scheduled for April 14, 2017. Although he was initially released after his guilty plea, on January 19, 2017, a warrant was issued for his arrest, and he was arrested on January 20, 2017. The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court held a detention hearing and ultimately ordered him to be detained. Pivaral-DeLeon appeal the district court's detention order.

A defendant who has been convicted "shall . . . be detained" pending sentencing "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released."  18 U.S.C. § 3143(a).  Section 3143 creates a presumption against release pending sentencing. *See United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016), *cert. denied*, __S. Ct.__, 2017 WL 670543 (Feb. 21, 2017) (No. 16-7280).  Appellate review of the district court's denial of release is limited, and the detention order must be sustained if it is supported by the proceedings in the district court. *See United States v. Cantu-Salinas*, 789 F.2d 1145, 1146 (5th Cir. 1986).  We review a district court's decision regarding release only for abuse of discretion and will not overturn the district court's order unless it is clearly erroneous unless it involves an "error of law that entails statutory interpretation," in which case our review is de novo. *See United States v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006); *Cantu-Salinas*, 789 F.2d at 1146 & n.1.

Considering both the burden on Pivaral-DeLeon to show by clear and convincing evidence that he is not likely to flee and our deferential standard of review, we are reluctant to reverse the district court's decision.  The detention order is supported by the proceedings in the district court, and  we cannot say that the district court's finding that Pivaral-DeLeon failed to present clear and convincing evidence that he is unlikely to flee was an abuse of discretion or clearly erroneous.

AFFIRMED.