**Pedro Camacho LOPEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 35267.**

Court of Criminal Appeals of Texas.

Nov. 11, 1964.

Rehearing Denied Dec. 16, 1964.

Joseph Chacon, San Antonio, Carlos C. Cadena, San Antonio, for appellant.

James E. Barlow, Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

Appellant was convicted of the offense of murder and his punishment fixed by the jury at confinement in the state penitentiary for life. On appeal, appellant's case was affirmed by this Court, Tex.Cr.App., 366 S.W.2d 587. A petition for certiorari was filed with the Supreme Court of the United States on several grounds, including alleged constitutional deprivation of due process because of coercion in the method of obtaining appellant's confession. An alleged constitutional violation for failure to take the appellant before a magistrate at the time of his arrest was also charged. The Supreme Court of the United States granted

certiorari in this cause and vacated the decision of this Court, on June 22, 1964, by a per curiam opinion, remanded the case to this Court for "further proceedings not inconsistent with the opinion of this Court in [No. 62] Jackson v. Denno [378 U.S. 368], 84 S.Ct. 1774 [12 L.Ed.2d 908]." This action was taken in a memorandum decision which appears at 378 U.S. 567, 84 S.Ct.1924, 12 L.Ed.2d 1038.

The case was set for submission, briefs were filed and oral arguments made before this Court. Attorneys for both the appellant and the State have favored us with able briefs and given us the benefit of forceful oral arguments.

Appellant's counsel takes the position that this Court must reverse the judgment of the trial court and remand this cause for a new trial.

It is the position of the State that we should remand the case to the trial court for a hearing by the trial judge on the admissibility of the confession already considered by the convicting jury.

In order to fully understand the position of the parties and their respective contentions and also the position of this Court, we must now discuss Jackson v. Denno.

Nathaniel Jackson, petitioner, filed a petition against Wilfred Denno, Warden, for the writ of habeas corpus in the Federal District Court of New York asserting that his conviction for murder in the New York courts was invalid because it was founded upon a confession not properly determined to be voluntary. The writ was denied, the Court of Appeals affirmed, and he was granted certiorari by the United States Supreme Court to consider fundamental questions about the constitutionality of the New York procedure governing the admissibility of a confession alleged to be involuntary, the Supreme Court reversed saying:

"In our view, the New York procedure employed in this case did not afford a reliable determination of the voluntariness of the confession offered in evidence at the trial, did not adequately protect Jackson's right to be free of a conviction based upon a coerced confession and therefore cannot withstand constitutional attack under the Due Process Clause of the Fourteenth Amendment. We therefore reverse the judgment below denying the writ of habeas corpus."

"This procedure has a significant impact upon the defendant's Fourteenth Amendment rights. In jurisdictions following the orthodox rule, under which the judge himself solely and finally determines the voluntariness of the confession, or those following the Massachusetts procedure, under which the jury passes on voluntariness only after the judge has fully and independently resolved the issue against the accused, the judge's conclusions are clearly evident from the record since he either admits the confession into evidence if it is voluntary or rejects it if involuntary. Moreover, his findings upon disputed issues of fact are expressly stated or may be ascertainable from the record. In contrast, the New York jury returns only a general verdict upon the ultimate question of guilt or innocence. It is impossible to discover whether the jury found the confession voluntary and relied upon it, or involuntary and supposedly ignored it. Nor is there any indication of how the jury resolved disputes in the evidence concerning the critical facts underlying the coercion issue. Indeed, there is nothing to show that these matters were resolved at all, one way or the other."

The Court then stated:

"Jackson's trial did not comport with constitutional standards and he is entitled to a determination of the voluntariness of his confession in the state courts in accordance with valid state procedures."

The Court went on to say that New York should provide Jackson with an adequate evidentiary hearing productive of reliable results concerning the voluntariness of his confession.

The Court then concluded that "[i]t is both practical and desirable that in cases to be tried hereafter a proper determination of voluntariness be made prior to the admission of the confession to the jury which is adjudicating guilt or innocence."

The Supreme Court further points out in Jackson v. Denno the distinguishment between the *credibility* of the confession (which is for the jury) and the *admissibility* of the confession (which is determined by the judge alone) and refers to the failure of certain opinions to distinguish between the issues of *voluntariness* and *credibility*.

█ We have before us a case on appeal, nothing more or less. We do not have in our procedure any authority to do that which the state asks that we do; that is grant a separate hearing on the evidentiary issue of the voluntariness of the confession.

We have no alternative but to grant appellant a new trial.

█ In new trials arising hereunder and in future trials in this state where there is a fair question of voluntariness of a confession of the defendant, the trial judge shall grant to the defendant the opportunity to object to the use of said confession; shall grant a fair hearing before the Court on the issue of voluntariness, and from all of the evidence and without regard to the truth or falsity of the confession, shall make a clear cut determination of the voluntariness of the confession, including the resolution of disputed facts upon which the voluntariness issue may depend. Upon request, such hearing shall be held and the court's ruling made in the absence of the jury. Unless the trial judge is satisfied that the confession was voluntarily made he shall exclude it. If the confession has been found to have been voluntarily made and

held admissible by the Court, it is recommended that the trial judge enter an order stating his findings, which order should be filed among the papers of the cause but not exhibited to the jury. Should the defendant testify at such a hearing, the cross-examination of the defendant shall be limited solely to the facts' surrounding the voluntariness of the confession, and the defendant shall not be subject to cross-examination except for the limited purpose of facts involving the voluntary nature of his confession, nor shall the defendant be compelled to take the stand upon the trial of the cause upon its merits because of his testimony at this hearing.

Only those confessions which the trial judge actually and independently determines from all of the evidence to be voluntary shall be admitted as evidence before the jury.

█ After a confession has been admitted in evidence to the jury, the defendant may still adduce evidence relating to its voluntariness, which evidence may be considered by the trial judge with other evidence on the issue of its voluntariness.

█ If the trial judge concludes from all of the evidence that the confession should not have been admitted, he will withdraw it. Otherwise the jury may and shall, upon request of the defendant, be instructed to the effect that they cannot consider the confession unless they believe beyond a reasonable doubt that it was voluntarily made.

The same procedure may be followed in cases involving questions raised about the failure to comply with the terms of Article 727 Vernon's Ann.C.C.P., relating to when a confession though voluntarily made shall not be used.

We do not find it necessary to here consider the portion of the opinion in Jackson v. Denno relating to the determination or redetermination of the issue as to the voluntariness of a confession in a separate col-

lateral proceeding, as this is an appeal which this Court is bound to decide upon the record made in the trial court.

The judgment is reversed and the cause is remanded.

WOODLEY, Presiding Judge (concurring).

The New York rule upheld in Stein v. New York, 346 U.S. 156, 73 S.Ct. 1077, 97 L.Ed. 1522, but condemned in Jackson v. Denno, *requires* the trial judge to make a preliminary determination regarding a confession offered by the prosecution and exclude it if under no circumstances could it be deemed voluntary. However, under the New York rule, where the evidence presents a fair question as to its voluntariness, as where certain facts bearing on the issue are in dispute or where reasonable men could differ over the inference to be drawn from undisputed facts, the judge "must receive the confession and leave to the jury, under proper instructions the ultimate determination of its voluntary character and also its truthfulness." If an issue of coercion is presented, the judge may not resolve conflicting evidence or arrive at his independent appraisal of the voluntariness of the confession one way or the other. These matters he must leave to the jury.

The Texas procedure followed in appellant's trial is similar to the New York rule in that the trial judge *is not bound* to resolve conflicting evidence bearing on the voluntariness of the confession before he admits it in evidence to the jury. It follows that the Texas rule does not meet the test adopted by the Supreme Court in Jackson v. Denno.

In Jackson v. Denno the Supreme Court requires a procedure "fully adequate to insure a reliable and clear cut determination of the voluntariness of the confession, including the resolution of disputed facts upon which the voluntariness issue may depend." The state is left free to say whether the issue of voluntariness is to be resolved by the trial judge or another judge, or by another jury (but not the convicting jury). This would include the orthodox or common law rule under which the trial judge himself solely and finally determines the voluntariness of the confession.

This Court has not been granted rule making power. The procedure suggested in the majority opinion is deemed adequate to meet the test laid down by the Supreme Court without otherwise disturbing the practice in this state regarding the submission of disputed fact issues to the jury.