**Jerry MATHEWS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37818.**

Court of Criminal Appeals of Texas.

March 17, 1965.

Rehearing Denied April 28, 1965.

Houston McMurry, Henrietta, for appellant.

Clyde Suddath, County Atty., Henrietta, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is burglary; the punishment, 3 years.

The indictment returned September 20, 1962, alleged the burglary of a house belonging to Otto Wade on or about September 11, 1962.

On April 6, 1964, trial on the issue of insanity resulted in a finding that appellant was sane at the time of the alleged burglary and at the time of said trial.

The case came on for trial on the burglary charge on July 14, 1964. The issues of insanity were again raised and submitted to the jury.

Otto Wade testified that he was foreman and in charge of the Langford Ranch in Clay County on September 11, 1962; that about 1 P.M. that day he discovered that a granary on the ranch had been broken into and some 60 or 70 bushels of wheat was missing.

Sheriff Conner Fletcher was notified and made an investigation of the burglary which resulted in charges filed against appellant and Hershel Heavener and their return by the Sheriff from Oklahoma.

Appellant's confession made to Sheriff Fletcher and reduced to writing by Chris Royer, secretary to the County Attorney, was introduced. In it he admitted the burglary and theft of the wheat which he said they loaded in his Pontiac Sedan and in his mother's pickup; that he drove the pickup and Hershel drove the Pontiac and that he sold the wheat in Temple, Oklahoma and divided the money with Hershel.

Other witnesses for the state included Chris Royer, who typed the confession, and Glen McHale, Oklahoma Highway Patrolman who testified that on September 12, 1962, he stopped the appellant and Hershel Heavener and talked with them about the wheat in the back seat of the Pontiac and in the pickup covered with an old quilt, and that later in the day he learned of the burglary at the Langford ranch.

■ Much of the evidence at the trial related to the question of the sanity or insanity of the defendant. We deem it unnecessary to discuss this testimony. Suffice it to say that the evidence is sufficient to sustain the jury's verdict.

Appellant correctly contends that without his confession the evidence introduced would not have been sufficient to connect him with the burglary.

We are unable to agree with his further contention that the trial court erred in admitting the confession in evidence.

The statement was offered in evidence after Sheriff Fletcher had identified it and had testified to facts showing that it was voluntarily made after the warning required by Art. 727 C.C.P., reduced to writing and signed by appellant. The jury was retired and the Sheriff was examined on voir dire.

■ The confession was admitted in evidence to the jury over two objections: First, appellant objected because the evidence showed that appellant could not *read*, and the confession was not witnessed by at least two persons who were not officers.

The evidence shows that appellant was able to sign his name and that he signed the confession.

Art. 727 C.C.P. requires a person other than a peace officer to witness and sign only when the defendant is unable to write his name and signs the statement by making his mark.

The second objection "is based on the recent ruling of the Supreme Court of the United States which is that no confession or statement is admissible in evidence unless the defendant had been given a right to call an attorney of his choice to be present at the time the statement was made, and the testimony of the Sheriff indicates that that did not happen."

■ Sheriff Fletcher testified that he did not explain to appellant before he signed the statement that he was entitled to have an attorney present. He also testified: "* * * He knew plenty about that. He told me what the law was. * * * If he wanted an attorney, he could have got one, because he had access to the telephone. He could have called anybody he wanted to."

Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and other cases including Lopez v. State, Tex. Cr.App., 384 S.W.2d 345, do not support appellant's attack upon the admissibility of the confession.

Until such time as another judicial determination is made, the contention of appellant's counsel that appellant is insane is foreclosed against him by the verdict of the jury and the judgment rendered thereon.

■ As to the burden of proof by reason of appellant having been committed in the State of Oklahoma, the effect, if any, of such former adjudication of insanity, if it was, was removed by the judgment rendered on the finding of the jury at the preliminary trial that appellant was sane.

No error appearing, the judgment is affirmed.