John H. Chambers (on appeal only), Arlington, for appellant.

Doug Crouch, Dist. Atty., Gordon Gray and Rufus Adcock, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, three years.

Appellant's sole ground of error is that it was improper for the state to read his confession to the jury before allowing him to present rebuttal evidence to the jury on the issue of the voluntariness of the confession.

At a pretrial hearing, after hearing evidence with regard to the voluntariness of appellant's confession, the trial court resolved the issues of fact and law and entered an order finding that the confession was voluntary, as was required of him by Art. 38.22(b) Vernon's Ann.C.C.P.

On the trial of the case, the police detective to whom the confession was given testified as to its taking, stating that it was voluntarily given. The confession was then read to the jury. Subsequent to that

**Robert Earl HURLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 40095.

Court of Criminal Appeals of Texas.

Feb. 8, 1967.

time, the defendant attempted to rebut the state's contention that the confession was voluntary, testifying that he was threatened and that his signature was coerced.

This Court, in Lopez v. State, 384 S.W. 2d 345, in setting out the proper procedure to be followed when a confession is to be offered by the state, stated:

"After a confession has been admitted in evidence to the jury, the defendant may still adduce evidence relating to its voluntariness * * *."

The procedure set out in Lopez was followed by the trial court in the instant case.

The judgment is affirmed.