**David Gene WILLIAMS, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 23383.**

United States Court of Appeals
Fifth Circuit.

Dec. 1, 1967.

———◆———

David G. Williams, pro se.

Lonny F. Zwiener, Asst. Atty. Gen., Austin, Tex., for appellee.

Before WISDOM, BELL and AINSWORTH, Circuit Judges.

WISDOM, Circuit Judge:

The prisoner appeals from the district court's denial of his petition for habeas corpus. He contends that a state court's post-trial hearing on the voluntariness of his confession, introduced in the original trial, was a nullity; Texas law does not specifically authorize such a hearing.[1] He argues, therefore, that he is entitled either to a full new trial or to issuance of the writ. The district court denied the writ on the ground that the Texas Court's hearing complied with the requirements of Jackson v. Denno, 1964, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. In brief, Jackson v. Denno holds that "the trial judge, another judge, or another jury, but not the convicting jury" should resolve the issue of

1. At the time this case was in the district court, Texas had no post-conviction remedy of a scope sufficient to permit the hearing held by the state court here.

A recent amendment to the Code of Criminal Procedure has created such a remedy. Vernon's Ann.Texas Code Crim. Proc. § 11.07.

voluntariness. 378 U.S. at 391, fn. 19, 84 S.Ct. at 1788. We affirm.

David Gene Williams, the petitioner, was convicted of burglary in the District Court of Nueces County, Texas, and sentenced to imprisonment for twelve years. At his trial, the State introduced in evidence his written and signed confession. Williams testified at his trial that the confession was coerced. The district judge, following Texas procedure, submitted the issue of voluntariness to the jury. He instructed the jury to consider the confession as evidence against Williams only if it was freely and voluntarily given. The Court of Criminal Appeals affirmed the conviction. Williams v. State, Tex.Cr.App.1963, 368 S.W.2d 207.

Relying on Jackson v. Denno, Williams sought a writ of habeas corpus in the Texas Court of Criminal Appeals. The court denied the writ without opinion on November 19, 1964. Williams then filed a petition for habeas in the United States District Court for the Southern District of Texas. The district court held that the requirements of *Jackson* had not been met at the original trial, but allowed the state "a reasonable time in which to afford the petitioner with a hearing [on the issue of voluntariness] or a new trial, failing which petitioner is entitled to his release and the Writ of Habeas Corpus prayed for will issue."

In compliance with this order, the State granted Williams a plenary hearing in the state district court where he was originally convicted. He was represented by counsel and testified in his own behalf. Upon the conclusion of this hearing, the state judge held "that said confession was freely and voluntarily given without abuse, threats or coercion", and certified his findings to the United States District Court. On receipt of the transcript of the state proceedings, the district court held that the requirements of Jackson v. Denno and of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770, had been met by the state court and denied the petition for habeas corpus.

In Jackson v. Denno the Supreme Court held that the New York procedure of submitting a questionable confession to the jury with instructions to disregard it if it was not voluntary fell short of the requirements of due process. "The Texas procedure * * * is similar to the New York rule in that the trial judge *is not bound* to resolve conflicting evidence bearing on the voluntariness of the confession before he admits it in evidence to the jury. It follows that the Texas rule does not meet the test adopted by the Supreme Court in Jackson v. Denno." Lopez v. State, Tex.Cr.App.1964, 384 S.W.2d 345, 349, on remand for proceedings consistent with Jackson v. Denno, 1964, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. See also Harris v. State, Tex.Cr.App.1964, 384 S.W.2d 349, also on remand, 1964, 378 U.S. 572, 84 S.Ct. 1930, 12 L.Ed.2d 1040. In a recent per curiam opinion the Supreme Court clarified Jackson v. Denno:

> "This Court has never ruled that all voluntariness hearings must be held outside the presence of the jury, regardless of the circumstances. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), held that a defendant's constitutional rights are violated when his challenged confession is introduced without a determination by the trial judge of its voluntariness after an adequate hearing. A confession by the defendant found to be involuntary by the trial judge is not to be heard by the jury which determines his guilt or innocence. Hence, because a disputed confession may be found involuntary and inadmissible by the judge, it would seem prudent to hold voluntariness hearings outside the presence of the jury." Pinto v. Pierce, 1967, 389 U.S. 31, 88 S.Ct. 192, 19 L.Ed.2d 31.

Jackson v. Denno makes it clear that a full new trial is not required; a hearing in the state court on the issue of voluntariness suffices. If at this hearing, the state court should find the confession to have been untainted, the defendant would have suffered no prejudice by the fact that the jury which convicted him had the confession before

it. If, on the other hand, the court should find that the confession was coerced, there would have to be a new trial with the offensive evidence excluded. The Court recognized that "the states are free to allocate functions between judge and jury as they see fit". 378 U.S. at 391, 84 S.Ct. at 1789. The suggested procedure would most nearly meet the requirements of the federal system, in that the state court, rather than the federal habeas court, would have the primary responsibility.

> "[A]s to Jackson, who [like Williams] has already been convicted and now seeks collateral relief, we cannot say that the Constitution requires a new trial if, in a soundly conducted collateral proceeding, the confession which was admitted at the trial is fairly determined to be voluntary." 378 U.S. at 395–396, 84 S.Ct. at 1791.

At the time Jackson v. Denno was decided, New York, like Texas, had no procedure for conducting a separate post-trial hearing. In discussing this hiatus, the New York Court of Appeals said in People v. Huntley, 1965, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179, "This is one of the cases in which we are under a compulsion to work out—without benefit of controlling decision, statute or rule—an appropriate procedure for providing the separate hearing mandated by Jackson v. Denno as to the voluntariness of a confession received in evidence against a defendant at his trial." The rules the court worked out provided for a hearing similar to that accorded Williams.[2]

*Jackson* is not the only decision in which the Supreme Court has suggested or required that the states hold hearings not expressly sanctioned by their existing law. In Boles v. Stevenson, 1964, 379

---

2. The Court of Appeals established the following rules:

(1) *As to trials already concluded:* (a) No Jackson-Denno hearing will be necessary in cases where a confession was admitted without any objection by the defendant or any assertion by him or his witnesses as to voluntariness. Even in these cases, however, if the trial court has charged the jury on voluntariness the issue was in the case and a new hearing is indicated. (b) As to the type of hearing to be had, there is no constitutional impediment to using the prior record provided that the defendant and the People are permitted to put in additional proof if either side so desires. Where possible, the new hearing will be held before the Judge who previously presided at the *voir dire*, if any, or the trial proper. The defendant should be provided counsel if he so desires. The court, after holding the Jackson-Denno hearing, shall put into the record a decision containing specific findings of fact and conclusions of law. In these cases already concluded there is no need, since the jury has already passed on the matter, again to submit to the jury the question of voluntariness.

(2) *As to criminal trials to be held in the future:* (a) We adopt for New York State the so-called Massachusetts procedure described in the Jackson v. Denno opinion at pages 378–379 of 378 U.S., United States Reports at pages 1781–1782 of 84 S.Ct. "under which the

jury passes on voluntariness only after the judge has fully and independently resolved the issue against the accused" and has made express findings upon the disputed fact question of voluntariness. We favor the Massachusetts rule for several reasons, the first being that our State Constitution (art. I, § 2) mandates a jury trial of the issue of the voluntariness. Another consideration supporting this choice is that the Massachusetts rule not only meets the demand of Jackson-Denno that "a proper determination of voluntariness be made prior to the admission of the confession to the jury which is adjudicating guilt or innocence" (378 U.S., p. 395, 84 S.Ct. at p. 1791) but also provides a defendant with an opportunity before the jury itself to challenge the confession. (b) The Judge must find voluntariness beyond a reasonable doubt before the confession can be submitted to the trial jury. The burden of proof as to voluntariness is on the People. The prosecutor must, within a reasonable time before trial, notify the defense as to whether any alleged confession or admission will be offered in evidence at the trial. If such notice be given by the People the defense, if it intends to attack the confession or admission as involuntary, must, in turn notify the prosecutor of a desire by the defense of a preliminary hearing on such issue (cf. Code Crim.Proc. § 813–c)." People v. Huntley, 255 N.Y.S.2d at 843, 204 N.E.2d at 183.

U.S. 43, 85 S.Ct. 174, 13 L.Ed.2d 109, also involving a confession, the Court modified a judgment of the Court of Appeals for the Fourth Circuit, which had ordered that a writ of habeas corpus issue unless the state retried the petitioner within a reasonable time. The Supreme Court held that the state might either retry the prisoner *or* grant a hearing on the disputed issue. The Court's per curiam opinion does not suggest that the law of West Virginia made any provision for such a hearing. In Henry v. State of Mississippi, 1965, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408, the Court had before it on direct review a state conviction in which the defendant asserted ·that evidence illegally seized had been introduced at his trial. The state contended that objection to the evidence had been waived at the trial. Holding that "[o]nly evidence extrinsic to the record before us can establish the *fact of waiver*," the Court vacated the judgment of conviction, and remanded the case to the state courts for a hearing on the question. 379 U.S. at 452, 85 S.Ct. at 570. Again, the Court did not consider whether Mississippi law permitted such a procedure.

In Burns v. Beto, 5 Cir. 1966, 371 F.2d 598, this Court held that the petitioner was not given an adequate hearing on the voluntariness of his confession. The Court remanded the case to the district court "to allow the State [Texas] a reasonable time to afford Burns a hearing or a new trial, failing which Burns is entitled to his release". The Court said, "The procedure to be followed is outlined in Part IV of the opinion in Jackson v. Denno". 371 F.2d at 604. See also Black v. Beto, 5 Cir. 1967, 382 F.2d 758; State of Minnesota ex rel. Holscher v. Tahash, 8 Cir. 1966, 364 F.2d 922; United States ex rel. Dickerson v. Rundle, 3 Cir. 1966, 363 F.2d 126.

■ The petitioner relies on *Lopez* and *Harris*. In these cases the state urged the Court of Criminal Appeals to remand the cases for a Jackson v. Denno type hearing on the voluntariness of the confessions. The Court declined to do so:

"We have before us a case on appeal, nothing more or less. We do not have in our procedure any authority to do that which the state asks that we do; that is grant a separate hearing on the evidentiary issue of the voluntariness of the confession. We have no alternative but to grant the appellant a new trial." Lopez v. State, 384 S.W.2d at 348.

Williams asserts that because of the Court's disposition of the question in *Lopez* and *Harris,* this Court and the court below cannot sanction the hearing that was held in the state court. The petitioner is mistaken. The validity of the hearing under Texas law is not a question for this Court to decide in a habeas proceeding. This case, like Jackson v. Denno is a collateral proceeding, not a direct appeal, and is properly in the federal court under our habeas corpus jurisdiction. In compliance with the Supreme Court's mandate in Jackson v. Denno the federal district court properly held that the trial court's submission of the issue of voluntariness to the jury compelled a new hearing on that issue. In compliance with the order of the district court, the State of Texas, like the State of New York, provided an ad hoc Jackson v. Denno-type hearing. We hold that the district court below did not err in accepting the record of this hearing in evidence and in basing its decision on the evidence contained in the record.

■ Williams was accorded a full hearing in the state court, was represented by counsel, and testified on his own behalf. The transcript of the testimony there takes 99 pages, exactly half of the length of the transcript of his original trial. We agree with the district court that the hearing satisfies the requirements of Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. The only question remaining for us to determine is whether the evidence fairly supports the conclusion of the state and federal judges that the confession was voluntary. There is, of course, a sharp

conflict in the testimony: Williams asserts that he was threatened; the state officers who questioned him deny that he was mistreated in any way. On the record as a whole, we cannot say that the court erred in holding that the confession introduced at his original trial was voluntary.

For the reasons stated, the judgment of the district court denying the writ is affirmed.