IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 761-02, 1123-02






LUIS NARVEZ MARTINEZ, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


TARRANT COUNTY






 Meyers, J., filed a dissenting opinion in which Price, Johnson, and
Cochran, JJ., joined .



DISSENTING OPINION 


 Appellant argues that Texas case law dictates that any promise made by a law
enforcement officer that induces a confession renders the confession inadmissible. He
asserts that his confession was not voluntary because it was induced by the implied promise
that his relatives would not be charged with any offense in connection with this incident. 
Because I feel that the Court of Appeals used the incorrect standard for determining
voluntariness, I respectfully dissent.

 In determining whether the trial court erred in ruling appellant's statement
admissible, the Court of Appeals looked to Article 38.21 of the Texas Code of Criminal
Procedure, (1)
 and to the standard set out by Texas case law. That is, in order for a confession
to be rendered involuntary because it was induced by an improper promise, the promise
must be (1) positive, (2) made or sanctioned by someone in authority, and (3) of such an
influential nature that it would cause a defendant to speak untruthfully. Henderson v. State,
962 S.W.2d 544, 564 (Tex. Crim. App. 1997), cert. denied, 525 U.S. 978 (1998); Janecka
v. State, 937 S.W.2d 456, 466 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 825 (1997);
Muniz v. State, 851 S.W.2d 238, 254 (Tex. Crim. App.), cert. denied, 510 U.S. 837
(1993). The Court of Appeals determined that the second prong of the test (hereinafter
"the Henderson test") was met in this case, because there was evidence of an inducement
by a person in authority. However, the court went on to say that the question of whether the
Detective's statement constituted a positive promise, and the question of whether the
promise was sufficient to induce appellant to make a false statement were both questions of
fact for the trial court to determine. The Court of Appeals then concluded that the trial
court had implicitly determined that appellant had failed to satisfy the third prong of the
test, and that such a determination was supported by the evidence in the record. The court
therefore held that the trial court did not abuse its discretion in denying the motion to
suppress the confession. Martinez v. State, Nos. 02-00-00339-CR and 02-00-00340-CR
(Tex. App. - Fort Worth, April 18, 2002, pet. granted)(not designated for publication).

 The majority briefly touches on the Court of Appeals reasoning in this case and then
in one sentence disposes of the case by stating that "evidence supports the implied finding
that no positive promise was ever made by the detective to appellant." Slip op. at 4. I write
separately to augment the analysis of the law applicable to this case. 

 Initially, there was a total prohibition against promises by the police. This was
discussed in Bram v. United States, 168 U.S. 532, 18 S. Ct. 183, 42 L. Ed. 568 (1897),
where the United States Supreme Court applied the Fifth Amendment to the voluntariness
of confessions: 

 But a confession, in order to be admissible, must be free and voluntary: that is, must
not be extracted by any sort of threats or violence, nor obtained by any direct or
implied promises, however slight, nor by the exertion of any improper influence. . . .
A confession can never be received in evidence where the prisoner has been
influenced by any threat or promise; for the law cannot measure the force of the
influence used, or decide upon its effect upon the mind of the prisoner, and
therefore excludes the declaration if any degree of influence has been exerted. 


Id. at 542-543 (quoting 3 Russell on Crimes 478 (6th ed.1896)). Thus, if a promise was
tied to a confession, then the confession was not voluntary. Despite the language in Bram,
courts have attempted to determine the influence or effect that a promise had on the
defendant. Since as early as 1885, Texas courts have considered whether a promise was
sufficiently coercive to render a confession involuntary. In Thompson v. State, 19 Tex.
App. 593 (1885), the court stated: 


 It has been generally held that any advice to a prisoner by a person in authority
telling him it would be better for him if he confesses vitiates a confession induced
by it. Lately, however, this has been greatly qualified, and it is now held that there
must be a positive promise, made or sanctioned by a person in authority, to justify
the exclusion of the confession. . . We may hold that a confession is only to be
excluded on the ground of undue influence where it is elicited by temporal
inducement, e. g., by threat, promise or hope of favor held out to the party in respect
of his escape from the charge against him by a person in authority under
circumstances likely to lead to a false statement; or where there is reason to
presume that such person appeared to the party to sanction such a threat or promise.
If the influence applied was such as to make the defendant believe his condition
would be bettered by making a confession, true or false, this excludes; but, if not,
the confession is admissible.


Id. at 661 (citing Whart., Crim. Evid. (8th ed.), §§ 651, 673). As a result of the courts
considering the influence the promise may have had on the defendant, the proscription
against promises by the police has been attenuated somewhat since Bram. It is now
necessary to show that the promise induced or coerced the confession, making the
confession involuntary and therefore inadmissible. See Fisher v. State, 379 S.W.2d 900,
902 (Tex. Crim. App. 1964) (to determine whether a confession is admissible when the
defendant contends that the confession was influenced by a promise, test the degree of
influence exerted.) Based on Thompson, courts adopted a test to assess whether a
particular promise renders a confession inadmissible. (2) However, the test has generally
included some reference to whether the promise would be likely to influence the accused
to speak untruthfully, (3) leading to confusion between the issues of voluntariness and
credibility.

 The Court of Appeals appears to have done just that, confused the voluntariness of
appellant's confession with the credibility of the statement. The issue in this case was the
admissibility of the confession, not the validity. The Court of Appeals analysis began
correctly by discussing voluntariness, however, it based its conclusion on the truth or
falsity of appellant's statement. In a Jackson v. Denno hearing, the trial judge determines
the admissibility of the confession, based on whether or not the confession was voluntarily
given and does not consider whether the statement given by appellant was truthful or
untruthful. Lopez v. State, 384 S.W.2d 345, 348. See also Lego v. Twomey, 404 U.S. 477,
485, 92 S. Ct. 619, 624-625, 30 L. Ed. 2d 618, 625-626 (1972) (Whether the confession
is true or false is irrelevant to a voluntariness determination because it is the methods used
to extract the confession that may violate constitutional principles.) Thus, in the case
before us, the truth of appellant's confession was not at issue. Rather, he argued that his
confession was involuntarily given due to a promise made by the police to not charge his
relatives. 

 The Court of Appeals analysis of this case was flawed. Rather than considering the
voluntariness of the confession, it used the Henderson test and determined that appellant
did not satisfy the third prong. The court stated: "Whether the promise was sufficient to
induce Appellant to make a false statement was likewise a question of fact for the trial
court. While Appellant testified that what he perceived as a promise by Detective Brown
induced him to admit his guilt, he did not testify that his admission was false." Martinez v.
State, Nos. 02-00-00339-CR and 02-00-00340-CR, Slip op. at 8-9 (Tex. App. - Fort
Worth, April 18, 2002, pet. granted)(not designated for publication). The court is correct
that appellant did not testify that his admission was false. However, he was not arguing that
he made a false confession. He argued only that his confession was involuntary because it
was induced by a promise. Thus, the Court of Appeals erred in concluding "that the record
contains more than ample evidence to support the trial court's implicit determination that
Appellant did not satisfy the third prong of the test in that he failed to show that Brown's
promise to him was sufficient to cause him to falsely confess to possession of the
contraband." Martinez v. State, Nos. 02-00-00339-CR and 02-00-00340-CR, Slip op. at 9
(Tex. App. - Fort Worth, April 18, 2002, pet. granted)(not designated for publication). 

 In Rogers v. Richmond, 365 U.S. 534, 81 S. Ct. 735, 5 L. Ed. 2d 760 (1961), the
United States Supreme Court considered a situation similar to the one before us. In
Rogers, the police implied that they were going to bring the defendant's wife in for
questioning, so he confessed to keep her from being taken into custody and interrogated. 
The lower courts decided the case based on the truth of the confession, which is irrelevant
to the issue of voluntariness. The Supreme Court stated:

 The attention of the trial judge should have been focused, for purposes of the
Federal Constitution, on the question whether the behavior of the State's law
enforcement officials was such as to overbear petitioner's will to resist and bring
about confessions not freely self-determined -- a question to be answered with
complete disregard of whether or not petitioner in fact spoke the truth. 


Id. at 544. The cause was remanded because the lower court used the wrong standard for
determining voluntariness. The Supreme Court held that because the issue of voluntariness
could have gone either way, the petitioner was prejudiced by the lower court's use of an
erroneous standard.

 Because the last prong of the Henderson test has led courts to confuse the issues of
voluntariness and credibility, we should promulgate a new, slightly different standard for
determining whether a statement was given voluntarily when a promise has been made by
the police. A promise will render a confession involuntary only if it is:

 (1) of some benefit to the accused;

 (2) positive;

 (3) made or sanctioned by a person in authority; and

 (4) likely to influence the accused to make a statement, regardless of its truth or
falsity. 

This would consider the nature of the promise rather than whether the statement is true or
false. A promise that is so beneficial to the accused that it is likely to influence him to
make a statement is a coercive promise, which renders a suspect's resulting statement
involuntary because it is not the product of his own free will. See Smith v. State, 779
S.W.2d at 427 ("The issue is whether police interrogation techniques alleged to have been
coercive, either physically or psychologically, were of such a nature that any confession
thereby obtained was unlikely to have been the product of a rational intellect and a free
will.") In order to distinguish between coercive and non-coercive promises, we should
consider the totality of the circumstances, including the type of crime and the value of the
benefit promised. In other words, we should consider the advantage the accused stands to
gain by accepting the promise, weighed against the risk of confessing to the crime alleged. 
We stated in Roberts v. State, that "[a] threat made by police officers to arrest or punish a
close relative or a promise to free a relative of a prisoner in exchange for a confession may
render the prisoner's subsequently made confession inadmissible in evidence." Roberts v.
State, 545 S.W.2d 157, 161 (Tex. Crim. App. 1977) overruled on other grounds by
Eisenhauer v. State, 678 S.W.2d 947 (Tex. Crim. App. 1984). However, in Roberts, the
confession was deemed voluntary and admissible because it was appellant and not the
police who initially raised the issue of leniency for his wife, thus the statement was self-motivated and not coerced by a promise. In Muniz v. State, 851 S.W.2d 238, 254 (Tex.
Crim. App 1993), the interrogating officer promised to contact charitable agencies to
assist the suspect's wife and mother. The Court considered the nature of the crime and the
perceived benefit of accepting the promise and held that this was not the sort of promise
that would influence a rational person to confess to the brutal aggravated rape and murder
of a college student, thus the confession was not coerced and was admissible. In
accordance with the standard adapted by this Court, each of these cases properly considered
the circumstances surrounding the making of the confession rather than the accuracy of the
statement.

 Because it is not necessary for a defendant to show that his confession was false, I
feel that the Court of Appeals erred in considering the validity of the confession. It is the
likelihood of the promise to overcome the free will of the accused which makes the
promise coercive and renders the statement involuntary. Thus, rather than discuss the truth
or falsity of the statement under the third prong of the Henderson test, as the Court of
Appeals did, we should instead consider the totality of the circumstances surrounding the
making of the confession to determine whether the promise was sufficiently coercive to
render the confession involuntary. 

 Because the Majority performs a limited analysis of the law, I respectfully dissent.

 Meyers, J.


Filed: February 18, 2004

Publish
1. Article 38.21 reads:


 A statement of an accused may be used in evidence against him if it appears that 

the same was freely and voluntarily made without compulsion or persuasion, under the rules hereafter
prescribed. 

2. The language from Thompson has been expressed in various cases as either a three or four
prong test. In Henderson, it was stated as a three prong test, which was relied upon by the Court of
Appeals in this case. For the sake of consistency with the Court of Appeals, I also refer to it as the
three prong Henderson test.
3. In addition to Henderson, see also Long v. State, 823 S.W.2d 259, 277 (Tex. Crim. App.
1991); Smith v. State, 779 S.W.2d 417, 427-428 (Tex. Cr. App. 1989); Washington v. State, 582
S.W.2d 122, 124 (Tex. Cr. App.1979).