NUMBER
13-03-754-CR

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

DEBORA LYNN STANTON,                                         Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________________

 

                  On
appeal from the 130th District Court

                         of
Matagorda County, Texas.

__________________________________________________________________

 

                     MEMORANDUM
OPINION

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                      Memorandum
Opinion by Justice Rodriguez



 








This is a
capital-murder case.  The jury found
appellant, Debora Lynn Stanton, guilty of murder.  The State did not seek the death penalty, and
Stanton was sentenced to life imprisonment in the Institutional Division of the
Texas Department of Corrections.  The
trial court has certified that this case "is not a plea bargain case, and
the defendant has the right of appeal." 
See Tex. R. App. P.
25.2(a)(2).  By one issue, Stanton
complains of the voluntariness of her confessions.[1]  We affirm.

I.  Facts

All issues of law
presented by this case are well settled, and the parties are familiar with the
facts.  Therefore, we will not recite the
law or the facts in this memorandum opinion, except as necessary to advise the
parties of the Court's decision and the basic reasons for it.  See Tex.
R. App. P. 47.4.

II.  Analysis

Stanton contends
the trial court erred when it admitted her February 10 and 11 statements into
evidence because the statements were involuntarily given following coercion by
police during custodial interrogations. 
She argues that the error violated her due process rights under the
Fourteenth Amendment and, thus, resulted in reversible error.

A.  Standard of Review

Appellate review
of a trial court's ruling on a motion to suppress a confession gives great
deference to the trial court's determinations of fact, then assesses de novo
the trial court's application of the law to those facts.  Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997) (en banc).

 








B.  First Confession

Voluntariness is
not an issue unless the confession was obtained when the individual was in
custody at the time of the questioning.  Melton
v. State, 790 S.W.2d 322, 326 (Tex. Crim. App. 1990); see Garza v. State,
915 S.W.2d 204, 211 (Tex. App.BCorpus Christi 1996, pet. ref'd).  A person is not considered to be in custody
unless a reasonable person would believe that her freedom of movement was
restrained to the degree associated with a formal arrest.  Dowthitt v. State, 931 S.W.2d 244, 254
(Tex. Crim. App. 1996) (citing Stansbury v. California, 511 U.S.
318, 322-24 (1994)).  The following are
four general situations that may constitute custody:  (1) when the suspect is physically deprived
of his freedom of action in any significant way; (2) when a law enforcement
officer tells the suspect that he cannot leave; (3) when law enforcement
officers create a situation that would lead a reasonable person to believe that
his freedom of movement has been significantly restricted; and (4) when there
is probable cause to arrest and law enforcement officers do not tell the
suspect that he is free to leave.  Id.  "The determination of custody must be
made on an ad hoc basis, after considering all of the (objective) circumstances."  Id. at 255 (parentheses in original).








In accordance
with Jackson v. Denno, 378 U.S. 368, 380 (1964), the trial court
conducted a pre-trial hearing to determine the voluntariness of Stanton's
statements.  See Jackson, 378 U.S.
at 380; Lopez v. State, 384 S.W.2d 345, 347-48 (Tex. Crim. App. 1964); see
also Tex. Code Crim. Proc. Ann.
art. 38.22 (Vernon 2005).  At the
hearing, Stanton and Detective Wayne Frieda
testified that Stanton called Officer Fred Wesselski and told him she wanted to speak with
one of the officers.  Officer Wesselski
and Detective Frieda provided Stanton transportation to the police
station.  Detective Frieda and Officer Wesselski further testified that before her first confession they told Stanton
she could leave at any time, but she chose not to do so.[2]  Additionally, Stanton testified that, before
she gave her February 10 statement, no one told her that she was a suspect or
that she might be accused of causing the death of the victim.  Detective Frieda also testified that Stanton was not in custody at
the time she gave her first confession on February 10, 1992.  However, at the hearing, Stanton testified
that she thought she was not free to leave at the time she gave her February 10
statement.








As the sole judge
of the weight and credibility of the witnesses, see State v. Ballard,
987 S.W.2d 889, 891 (Tex. Crim. App. 1999), and considering all of the
objective circumstances, see Dowthitt, 931 S.W.2d at 255, the trial
court could have found that Stanton was not in custody at the time of her first
confession.  Giving deference to the
trial court's determinations of fact, see Guzman, 955 S.W.2d at 89, we
conclude Stanton's first confession does not involve the issue of voluntariness
because it was not obtained while Stanton was in custody.  See Melton, 790 S.W.2d at
326.  Thus, we find no error in the trial
court's refusal to grant Stanton's motion to suppress her first
confession.  Appellant's issue, to the
extent it addresses the voluntariness of Stanton's first confession, is
overruled.

C.  Second Confession

At the
suppression hearing, Detective Frieda and Officer Wesselski testified that
Stanton was arrested after her first confession but before her second
confession.  It is, therefore, undisputed
that Stanton was in custody at the time she gave her February 11
statement.  Detective Frieda and Officer
Wesselski also testified that Stanton received and waived her Miranda
rights before she confessed on February 11, 1992.  Nonetheless, Stanton claims that her second
confession was not voluntary because she was promised leniency in return for
this second confession.

At the
suppression hearing, Stanton testified as follows regarding the alleged
promise made by Detective Frieda and Officer Wesselski before she gave her
February 11 statement: (1) they "told me by doing what they asked, . . .
answering their questions and doing the things, . . . helping them with what
they needed that it would make things easier on me;" (2) "[t]hey told
me that they would make things easier on me;" (3) "I was told B with the [February
11] statement, I was told that my cooperation with helping them out in this
case would make things a lot easier on me;" and (4) "other than
telling me that they would make things easier on me if I worked with them on
this," no other promises were made. 
At the hearing, the officers denied that they made any promises to
Stanton.  At trial, however, Detective
Frieda testified that he might have said things would "go easier on
her" if she cooperated.








For a promise to render a confession invalid under article 38.21, it
must be (1) positive; (2) made or sanctioned by someone in authority; and (3)
of such an influential nature that it would cause a defendant to speak
untruthfully.  Janecka v. State,
937 S.W.2d 456, 466 (Tex. Crim. App. 1996); Muniz v. State, 851 S.W.2d
238, 254 (Tex. Crim. App. 1993) (en banc); see Tex. Code Crim. Proc. Ann. art. 38.21 (Vernon 2005)
(providing statement of accused may be used in evidence against her if it
appears that same was freely and voluntarily made without compulsion or
persuasion).  To determine if the alleged
promise of a benefit was likely to influence a person to speak untruthfully, an
appellate court considers whether the circumstances of the promise made the defendant
"inclined to admit a crime he didn't commit."  Sossamon v. State, 816 S.W.2d 340, 345
(Tex. Crim. App. 1991) (en banc). 
Moreover, a general statement regarding how a confession can sometimes
result in leniency does not render a confession involuntary.  See Muniz, 851 S.W.2d at 254.








The trial court was entitled to disbelieve Stanton's testimony.  The trial court was also entitled to believe
the officers' testimony denying that they made any promises to her or Detective
Frieda's testimony acknowledging that he may have told Stanton things would
"go easier on her" if she cooperated. 
See Ballard, 987 S.W.2d at 891. 
Nonetheless, even accepting as true Stanton's allegations as to what the officers told her, we cannot conclude
that a general statement about how helping out with the case would make things
a lot easier on Stanton renders her second confession invalid or
involuntary.  See Muniz, 851
S.W.2d at 254.  The alleged promise of leniency is not
sufficient to induce an innocent person to falsely confess to the crime.  Compare Janecka, 937 S.W.2d at 466, with Sossamon, 816 S.W.2d at
345.  Nor is it positive enough to render
the confession invalid under article 38.21. 
See
Janecka,
937 S.W.2d at 466; Muniz, 851 S.W.2d at 254.  Therefore, we
conclude the promise, if any, did not render Stanton's second confession
invalid or involuntary as Stanton contends. 
See Guzman, 955 S.W.2d at 89.  The trial court did not err in denying
Stanton's motion to suppress her second confession.  We overrule Stanton's sole issue as it
relates to her second confession.

III.  Conclusion

Accordingly, we
affirm the judgment of the trial court.                                                                                      

NELDA
V. RODRIGUEZ

Justice

 

Do not
publish.

Tex.
R. App. P.
47.2(b).

 

Memorandum Opinion
delivered and 

filed this 14th day of
July, 2005.

 











[1]The February 10, 1992 and February
11, 1992 statements about which Stanton complains will also be referred to as
her first and second confessions respectively. 
The State read both statements to the jury, and they were admitted into
evidence.  A third statement dated
February 7, 1992 was not offered as evidence.





[2] At
trial, Officer Wesselski also testified that on February 10, 1992, Stanton
contacted him at the police department and told him she needed to talk with
him, that there were some things she had forgotten to tell him earlier or had
lied about and wanted to straighten out with him, and that there were some
things about her and her brother, Jay Stanton, he needed to know.  When Stanton was transported to the police
station she rode in the front seat of the car and was not handcuffed.  Officer Wesselski also testified that he
explained to Stanton that she was not under arrest and was free to leave at any
time.