COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO. 2-05-050-CR

 

 

BRETT TODD
REDD                                                             APPELLANT

 

                                                   V.

 

THE STATE OF
TEXAS                                                                STATE

 

                                              ------------

 

         FROM COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Brett
Todd Redd was charged by information with driving while intoxicated (DWI).  He filed a motion to suppress evidence,
alleging that statements were taken and evidence was seized in violation of his
constitutional rights.  After the trial
court denied his motion to suppress, Appellant entered a plea of nolo
contendere, and the trial court convicted him and sentenced him to 150 days=
confinement in the Denton County Jail, probated for twenty months, and a $500
fine.  Appellant brings three issues on
appeal, challenging the trial court=s denial of his motion to suppress and the trial court=s ruling
that Appellant could not testify for a limited purpose at the suppression
hearing. Because we hold that the trial court did not reversibly err, we affirm
the trial court=s judgment.

The only evidence
introduced at the pre-trial suppression hearing was the videotape.  The videotape shows that the officer asked
Appellant and his passenger to step out of the truck.  The officer told Appellant that he had been speeding and ran a
check on Appellant=s driver=s license.  The
officer also asked Appellant if he had been drinking, how much, and when.  He asked Appellant several other questions
and performed several field sobriety tests. 
Based on Appellant=s performance, the officer arrested him for DWI.  The videotape also shows Appellant in the
intoxilyzer room, where he consented to a breath test and the law enforcement
officer told him that he was arrested for DWI and gave him the DIC-24 and Miranda
warnings.








Appellant=s
attorney asked to call Appellant to testify at the hearing Afor the
limited purpose of th[e] hearing . . . because . . . he c[ould] offer the Court
his perspective of whether or not he felt he was in custody.@  The State objected, and the trial court
refused to allow Appellant to testify for a limited purpose.

In his first and
second issues, Appellant challenges the trial court=s denial
of his motion to suppress statements and the other evidence.  Appellant did not sufficiently inform the
trial court or this court of the statements of which he complains.[2]  Although Appellant argued in his written
motion that the statements he made at the scene were inadmissible, he did not
describe any statements, and, at the suppression hearing, the only specific
utterances Appellant discussed were his counting aloud and reciting the
alphabet at the officer=s request. 
Indeed, the primary thrust of Appellant=s argument concerns whether an officer is required to
inform a detained suspect that he has a right not to perform field sobriety
tests, including the walk-and-turn test, reciting the alphabet, and
counting.  Because we cannot discern
what specific statements Appellant complains of, we only address his complaint
regarding the admissibility of the field sobriety tests.








Specifically,
Appellant argues that, at the time he performed the field sobriety tests, he
was in custody and had not received the Miranda warnings; consequently,
the results of the tests should have been excluded from evidence.  The State argues that Appellant was not in
custody.

A person is Ain
custody@ if a reasonable person would believe that he was deprived
of his freedom to a degree associated with a formal arrest.[3]  In Dowthitt, the Texas Court of
Criminal Appeals outlined four general situations that might constitute
custody:  (1) when the suspect is
physically deprived of his freedom of action in any significant way, (2) when a
law enforcement officer tells the suspect that he cannot leave, (3) when law enforcement
officers create a situation that would lead a reasonable person to believe that
his freedom of movement has been significantly restricted, and (4) when there
is probable cause to arrest and law enforcement officers do not tell the
suspect that he is free to leave.[4]








The State argues
that the officer had reasonable suspicion to detain Appellant but not probable
cause because the officer could not arrest Appellant for speeding.  The record shows that the officer observed an
offense committed within his view. 
Seeing an offense committed provides probable cause for the warrantless
detention.[5]  As the concerned trial judge pointed out,

[W]hat=s the difference, except for the handcuffs and the
magic words, Ayou=re under arrest,@ from when he has to stand there and a police officer
is commanding at least two or three times, you stay here; stand here; you stand
here; you wait here, I=m going to do something and then goes back and forth,
goes over to his buddy, his passenger, and arrests him for public intoxication
because the man was trying to tell his friend something, which I find very
offensive.  So you tell me what=s the
difference between all that stuff?

 













We agree with the
trial court.  The only possible
interpretation of the record before this court is that Appellant was detained
and was not free to leave.  Because the
record supports the trial court=s factual determination that Appellant was not free to
leave and that his detention and actions were controlled by the arresting
officer, we do not disturb this factual finding by the trial court.  Appellant was in custody at the time of the
field sobriety tests.   We also hold that
Appellant was compelled to perform the tests. 
The record shows that when his passenger attempted to tell Appellant
that he had a right to remain silent and not answer the officer=s
questions, the officer arrested the passenger. 
Additionally, the record shows that, just before initiating the field
sobriety tests, the officer told Appellant that if he continued to move his
hands in the manner in which he was moving them, he could get shot.  We agree with Appellant that the facts make
it highly unlikely that Appellant believed he was free to refuse to perform the
field sobriety tests.      But Appellant
bases his argument that the results of the compelled tests should be excluded
only on the officer=s failure to issue the Miranda warnings before
Appellant performed the tests.  The Miranda
warnings deal with the right  to remain
silent, the right to refuse or to abandon the interview, and the right to
counsel.[6]  The Miranda warnings do not encompass
the provision in the Texas Constitution that a person cannot be compelled to
provide evidence against himself.[7]  Additionally, the Texas Court of Criminal
Appeals has held that Areciting the alphabet and counting . . . [are] not
testimonial in nature because these communications [are] physical evidence of
the functioning of a defendant=s mental and physical faculties.@[8]  They
therefore do not trigger Fifth Amendment protections embodied by Miranda.[9]  Consequently, based on the applicable
standard of review,[10]
we hold that the trial court did not abuse its discretion by denying Appellant=s motion
to suppress.  Accordingly, we overrule
Appellant=s first and second issues.

In his third issue,
Appellant complains of the trial court=s refusal to allow him to testify for a limited
purpose at the suppression hearing. 
Just as he was entitled to offer the videotape for the limited purpose
of the suppression hearing, Appellant was also entitled to testify for that
limited purpose.[11]  The trial court therefore abused its
discretion by denying Appellant=s request to testify for the limited purpose of the
suppression hearing.  Appellant,
however, made no offer of proof to show what he would have testified to had he
been allowed to testify for the limited purpose.  He therefore failed to preserve his complaint on appeal.[12]  We overrule Appellant=s third
issue.

Having overruled
Appellant=s three issues, we affirm the trial court=s
judgment.

 








LEE ANN DAUPHINOT

JUSTICE

PANEL A:   CAYCE,
C.J.; DAUPHINOT and MCCOY, JJ.

DO NOT PUBLISH

Tex. R.
App. P. 47.2(b)

DELIVERED:  March 23, 2006











[1]See Tex. R. App. P.
47.4.





[2]See Tex. R. App. P. 33.1; Mendez v.
State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004); Mosley v. State,
983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999).





[3]Dowthitt v. State, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996) (citing  Stansbury v. California, 511 U.S.
318, 321, 114 S. Ct. 1526, 1530 (1994)).





[4]Id. at 255.





[5]State v. Steelman, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002); see also Tex. Code Crim. Proc. Ann. art.
14.01(b) (Vernon 2005).





[6]Miranda v. Arizona, 384 U.S. 436, 444, 86 S. Ct. 1602, 1612 (1966).





[7]Tex. Const. art. I, ' 10.





[8]Gassaway v. State, 957 S.W.2d 48, 50 (Tex. Crim. App. 1997); Jones v. State, 795
S.W.2d 171, 175 (Tex. Crim. App. 1990).





[9]Gassaway,
957 S.W.2d at 51.





[10]See State
v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Guzman v. State,
955 S.W.2d 85, 88‑89 (Tex. Crim. App. 1997); Morris v. State, 50
S.W.3d 89, 93 (Tex. App.CFort Worth 2001, no pet.).





[11]See Simmons v. United States, 390 U.S. 377, 394, 88 S. Ct. 967, 976 (1968); Lopez
v. State, 384 S.W.2d 345, 348 (Tex. Crim. App. 1964); see also Tex. R. Evid. 104(c), (d), 105.





[12]See Warner v. State, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998).