Brett Tod Redd v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-050-CR

BRETT TODD REDD APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Brett Todd Redd was charged by information with driving while intoxicated (DWI).  He filed a motion to suppress evidence, alleging that statements were taken and evidence was seized in violation of his constitutional rights.  After the trial court denied his motion to suppress, Appellant entered a plea of nolo contendere, and the trial court convicted him and sentenced him to 150 days’ confinement in the Denton County Jail, probated for twenty months, and a $500 fine.  Appellant brings three issues on appeal, challenging the trial court’s denial of his motion to suppress and the trial court’s ruling that Appellant could not testify for a limited purpose at the suppression hearing. Because we hold that the trial court did not reversibly err, we affirm the trial court’s judgment.

The only evidence introduced at the pre-trial suppression hearing was the videotape.  The videotape shows that the officer asked Appellant and his passenger to step out of the truck.  The officer told Appellant that he had been speeding and ran a check on Appellant’s driver’s license.  The officer also asked Appellant if he had been drinking, how much, and when.  He asked Appellant several other questions and performed several field sobriety tests.  Based on Appellant’s performance, the officer arrested him for DWI.  The videotape also shows Appellant in the intoxilyzer room, where he consented to a breath test and the law enforcement officer told him that he was arrested for DWI and gave him the DIC-24 and 
Miranda 
warnings.

Appellant’s attorney asked to call Appellant to testify at the hearing “for the limited purpose of th[e] hearing . . . because . . . he c[ould] offer the Court his perspective of whether or not he felt he was in custody.”  The State objected, and the trial court refused to allow Appellant to testify for a limited purpose.

In his first and second issues, Appellant challenges the trial court’s denial of his motion to suppress statements and the other evidence.  Appellant did not sufficiently inform the trial court or this court of the statements of which he complains.
(footnote: 2)  Although Appellant argued in his written motion that the statements he made at the scene were inadmissible, he did not describe any statements, and, at the suppression hearing, the only specific utterances Appellant discussed were his counting aloud and reciting the alphabet at the officer’s request.  Indeed, the primary thrust of Appellant’s argument concerns whether an officer is required to inform a detained suspect that he has a right not to perform field sobriety tests, including the walk-and-turn test, reciting the alphabet, and counting.  Because we cannot discern what specific statements Appellant complains of, we only address his complaint regarding the admissibility of the field sobriety tests.

Specifically, Appellant argues that, at the time he performed the field sobriety tests, he was in custody and had not received the 
Miranda 
warnings; consequently, the results of the tests should have been excluded from evidence.  The State argues that Appellant was not in custody.

A person is “in custody” if a reasonable person would believe that he was deprived of his freedom to a degree associated with a formal arrest.
(footnote: 3)  In 
Dowthitt
, the Texas Court of Criminal Appeals outlined four general situations that might constitute custody:  (1) when the suspect is physically deprived of his freedom of action in any significant way, (2) when a law enforcement officer tells the suspect that he cannot leave, (3) when law enforcement officers create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted, and (4) when there is probable cause to arrest and law enforcement officers do not tell the suspect that he is free to leave.
(footnote: 4)
 The State argues that the officer had reasonable suspicion to detain Appellant but not probable cause because the officer could not arrest Appellant for speeding.  The record shows that the officer observed an offense committed within his view.  Seeing an offense committed provides probable cause for the warrantless detention.
(footnote: 5)  As the concerned trial judge pointed out,

[W]hat’s the difference, except for the handcuffs and the magic words, “you’re under arrest,” from when he has to stand there and a police officer is commanding at least two or three times, you stay here; stand here; you stand here; you wait here, I’m going to do something and then goes back and forth, goes over to his buddy, his passenger, and arrests him for public intoxication because the man was trying to tell his friend something, which I find very offensive.  So you tell me what’s the difference between all that stuff?

We agree with the trial court.  The only possible interpretation of the record before this court is that Appellant was detained and was not free to leave.  Because the record supports the trial court’s factual determination that Appellant was not free to leave and that his detention and actions were controlled by the arresting officer, we do not disturb this factual finding by the trial court.  Appellant was in custody at the time of the field sobriety tests. We also hold that Appellant was compelled to perform the tests.  The record shows that when his passenger attempted to tell Appellant that he had a right to remain silent and not answer the officer’s questions, the officer arrested the passenger.  Additionally, the record shows that, just before initiating the field sobriety tests, the officer told Appellant that if he continued to move his hands in the manner in which he was moving them, he could get shot.  We agree with Appellant that the facts make it highly unlikely that Appellant believed he was free to refuse to perform the field sobriety tests. But Appellant bases his argument that the results of the compelled tests should be excluded only on the officer’s failure to issue the 
Miranda
 warnings before Appellant performed the tests.  The 
Miranda
 warnings deal with the right  to remain silent, the right to refuse or to abandon the interview, and the right to counsel.
(footnote: 6)  The 
Miranda 
warnings do not encompass the provision in the Texas Constitution that a person cannot be compelled to provide evidence against himself.
(footnote: 7)  Additionally, the Texas Court of Criminal Appeals has held that “reciting the alphabet and counting . . . [are] not testimonial in nature because these communications [are] physical evidence of the functioning of a defendant’s mental and physical faculties.”
(footnote: 8)  They therefore do not trigger Fifth Amendment protections embodied by 
Miranda
.
(footnote: 9)  Consequently, based on the applicable standard of review,
(footnote: 10) we hold that the trial court did not abuse its discretion by denying Appellant’s motion to suppress.  Accordingly, we overrule Appellant’s first and second issues.

In his third issue, Appellant complains of the trial court’s refusal to allow him to testify for a limited purpose at the suppression hearing.  Just as he was entitled to offer the videotape for the limited purpose of the suppression hearing, Appellant was also entitled to testify for that limited purpose.
(footnote: 11)  The trial court therefore abused its discretion by denying Appellant’s request to testify for the limited purpose of the suppression hearing.  Appellant, however, made no offer of proof to show what he would have testified to had he been allowed to testify for the limited purpose.  He therefore failed to preserve his complaint on appeal.
(footnote: 12)  We overrule Appellant’s third issue.

Having overruled Appellant’s three issues, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 23, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. R. App. P.
 33.1; 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004);
 Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
,
 
526 U.S. 1070 (1999).

3:
Dowthitt v. State
, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996) (citing  
Stansbury v. California
, 511 U.S. 318, 321, 114 S. Ct. 1526, 1530 (1994)).

4:
Id. 
at 255.

5:
State v. Steelman
, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002); 
see also
 
Tex. Code Crim. Proc. Ann.
 art. 14.01(b) (Vernon 2005).

6:
Miranda v. Arizona
, 384 U.S. 436, 444, 86 S. Ct. 1602, 1612 (1966).

7:
Tex. Const.
 art. I, § 10.

8:
Gassaway v. State
, 957 S.W.2d 48, 50 (Tex. Crim. App. 1997); 
Jones v. State
, 795 S.W.2d 171, 175 (Tex. Crim. App. 1990).

9:
Gassaway
, 957 S.W.2d at 51.

10:
See
 
State v. Ross
, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000);
 Guzman v. State
, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997); 
Morris v. State
, 50 S.W.3d 89, 93 (Tex. App.—Fort Worth 2001, no pet.).

11:
See Simmons v. United States
, 390 U.S. 377, 394, 88 S. Ct. 967, 976 (1968); 
Lopez v. State
, 384 S.W.2d 345, 348 (Tex. Crim. App. 1964); 
see also
 
Tex. R. Evid.
 104(c), (d), 105.

12:
See Warner v. State
, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998).